UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| IDEMIA IDENTITY & SECURITY USA LLC, ) ) ) Plaintiff ) ) v. ) ) ) JOSEPH MIGNECO; ) BIOMETRICS4ALL, INC., ) ) Defendants ) | No. 3:18-0239 Chief Judge Campbell/Brown **Jury Demand** |

**TO: THE HONORABLE WILLIAM L. CAMPBELL, JR.**

**REPORT AND RECOMMENDATION**

For the reasons stated below, the Magistrate Judge recommends that the case against Joseph Migneco be dismissed without prejudice for failure to obtain service of process under Rule 4(m) of the Federal Rules of Civil Procedure.[1]

**BACKGROUND**

As previously noted by the undersigned this case was filed on February 26, 2018 (Docket Entry 1) and at the request of the parties time for the Corporate Defendant to respond has been extended and an initial case management conference contingent (Docket Entries 21, 25, 27 and 32).

When the undersigned granted the last extension on May2, 2018, it was noted that while the Court appreciated the parties' efforts to resolve the case early, that the extension to May 31,

---

[1]The Corporate Defendant has been served and the matter is set for a case management conference on July 12, 2018, at 11:30 a.m. (Docket Entry 37).

2018, would be last absent extraordinary circumstances. The Defendant Migneco has not been served and was no longer actively participating in the company's business. In their answer (Docket Entry 36 at par. 4) the Defendant denies that he continues to employ Defendant Migneco.

In view of these statements it appears that the relief sought by the Plaintiff in their preliminary injunction is moot and the Court may well wish to terminate the pending motion (Docket Entry 6) as moot for that reason.[2]

**LEGAL DISCUSSION**

The Court must be able to control its docket and Rule 4(m) speaks in mandatory terms requiring the dismissal without prejudice where a plaintiff fails to obtain service of process within 90 days or within time allowed by the Court for service. In this case, the undersigned has granted numerous extensions to obtain service of process while the parties attempted to resolve the case. Unfortunately, despite advising that they would obtain service by the end of May, and then given a final deadline of June 22, 2018, no service of process appears to have been obtained against the individual defendants.

---

[2] When the May 31, 2018, deadline for service of process on Defendant Migneco expired the undersigned entered an order (Docket Entry 37) giving the Plaintiff until June 22, 2018, to complete service. They were advised that failure to do so would result in a recommendation that the case against Defendant Migneco be dismissed for failure to obtain service in accordance with Rule 4. As of the date of this report and recommendation no service of process has been obtained. The case is set for a case management conference on July 16, 2018, to enter a scheduling order as to the remaining Corporate Defendant.

2

The Plaintiff was specifically warned of the need to accomplish this service of process and the consequence of failing to do so. They have proffered no request for additional time and the undersigned is aware of no basis for such a request.

**RECOMMENDATION**

For the reasons stated above, the Magistrate Judge recommends that the complaint against the Defendant Joseph Migneco, an individual, be dismissed without prejudice for failure to obtain service of process within the time allowed by the Court.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 2nd day of July, 2018.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge